So Ordered.

Dated: August 9, 2022



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Joseph A. Gemignani, Sr. and<br>Barbara A. Gemignani,<br>Debtors. | Chapter 13<br><br>Case No. 21-25588-kmp |

**ORDER AUTHORIZING SALE OF PROPERTY
FREE AND CLEAR OF ALL LIENS PURSUANT TO 11 U.S.C. § 363(f)**

On July 19, 2022, the Debtors filed a motion to sell property located at 616 East Day Avenue, Whitefish Bay, Wisconsin (the "Property") free and clear of liens pursuant to 11 U.S.C. § 363(f) and subject to the terms and conditions stated in a letter from JPMorgan Chase Bank, National Association ("Chase") filed on July 12, 2022. The Court entered an order shortening the notice period for the motion and no timely objections were filed. Accordingly,

IT IS THEREFORE ORDERED: the Debtors' motion is granted and the Debtors are authorized to sell the Property for $662,500.00 free and clear of all liens. The sale of the Property is subject to the terms and conditions stated in the letter from Chase filed on July 12, 2022 (Docket No. 60), a copy of which is attached hereto and incorporated into this Order.

IT IS FURTHER ORDERED: this Order is effective immediately upon entry and is not stayed for 14 days pursuant to Fed. R. Bank. P. 6004(h).

#####

Chase
P.O. Box 469030
Glendale, CO 80246-9030



July 12, 2022

Joseph A. Gemignani Sr. and Barbara A. Gemignani
c/o David G. Kingstad
4811 S 76th St., Suite 410
Greenfield, WI 53220

**We conditionally approved your short sale contract - here's what you need to do next**

| | |
|---|---|
| Account: | ******6192 |
| Property Address: | 616 E Day Avenue<br>Whitefish Bay, WI 53217-0000 |
| Customer Name(s): | Joseph A. Gemignani, Sr. (the "Seller")<br>Barbara A. Gemignani |
| Buyer: | Jason T Forciea (the "Buyer")<br>Catlin M Forciea |

Dear Joseph A. Gemignani, Sr. and Barbara A. Gemignani:

We have reviewed and conditionally approved the short sale contract you submitted. We'll accept a minimum net of $588,356.89 to release the lien on your property. Chase must approve the final closing costs and concessions before you're authorized to proceed with closing. We reserve the right to remove closing costs and concessions, when applicable, if it's decided that they're not allowed as part of the transaction. This conditional approval is good through September 10, 2022.

You must receive authorization from us to close on the sale for our approval to be final. We won't accept net proceeds unless all of the documents required for closing have been received and approved.

Chase Home Lending employees are prohibited from purchasing homes through a short sale where Chase is the lender or servicer.

The parties below must complete, sign and date the attached Affidavit of Arm's Length Transaction:
- The buyers
- The buyers' agent
- The sellers
- The sellers' agent or listing agent

We must receive this form to authorize closing the transaction.

Here are the terms and conditions of this sale:

1. **Terms:** The sale and closing comply with all terms and conditions of the sale approval agreement (the "Agreement"). Updated documents may be required prior to closing if a document expires or any of the terms change from the prior approval offer.

2. **Changes:** Any change to the terms and representations in the Agreement must be approved by us in writing. We aren't required to approve any changes.

3. **Deficiency:** Any deficiency balance (which is the difference between the balance on the mortgage and the short sale amount) remaining on the loan secured by the property above will be canceled.

4. **Incentives:** You won't receive an incentive from us to participate in the sale of the property. This means you're responsible for all relocation or other expenses that you may incur as a result of the sale. Neither you nor the Buyer are to receive any proceeds from the sale of the property.

5. **Surplus funds:** Any excess net proceeds must be sent to us. Any funds being held by Chase at the time of closing will not be refunded.

6. **Concessions:** Concessions such as a buyer impound account, homeowner's insurance and prepaid interest can only be used for customary closing costs. Chase must approve the final concession amounts before you are authorized to proceed with closing.

7. **Closing Costs:** Chase must approve the final closing costs before you are authorized to proceed with closing. We reserve the right to remove closing costs if deemed disallowable to the transaction.

8. **Closing Disclosure or HUD-1 Settlement Statement:** We must receive a Preliminary Closing Disclosure or HUD-1 Settlement Statement at least five business days before the closing date. We must also receive the signed final Closing Disclosure or HUD-1 Settlement Statement within 24 hours after closing. All incentive payments must be reflected on the Closing Disclosure or HUD-1 Settlement Statement showing the name of the recipient. Please send these documents by fax to 1-866-220-4130.

9. **Real estate commissions:** Unless otherwise prohibited by the investor, real estate commissions can be up to 6% of the contract sale price. They can never exceed 6% of the contract sale price. Neither you (seller) nor the buyer may receive a commission.

10. **Property tax calculations:** We may notify you of any tax disbursements prior to the closing date. These disbursements should be accounted for in the final closing documents provided five business days prior to the sale, with the excess funds refunded to us.

11. **Title:** If any part of the title to the property is transferred before closing, we'll cancel this approval without further notice.

12. **Bankruptcy:** If you're currently in bankruptcy or you file bankruptcy before closing, you must obtain any required consent or approval from the Bankruptcy Court.

13. **Payment instructions: We must receive the payoff funds from the sale within 24 hours after closing.** Please use the following wiring instructions or overnight mailing address and include your full loan number on the payment.

    Wire Transfer:  Chase
    Routing number: [redacted]
    Account number: [redacted]
    Account name: Chase Default Payoff Account Client #156
    Loan number: [redacted]

    Overnight Mail:  JPMorgan Chase Bank, N.A.
    Attn: Short Sales
    Mail Code OH4-7164
    3415 Vision Drive
    Columbus, OH 43219-6009

See the chart below for the breakdown of net proceeds.

| Minimum Net Proceeds to Lender | |
|---|---|
| Sales price | $662,500.00 |
| | |
| Total minimum net proceeds to be received by the lender | $588,356.89 |

14. **Net proceeds certified check or wire confirmation of the funds -** If providing a certified check, include the tracking information. If funds are wired, please fax the wire confirmation with federal

- reference number and Chase loan number.

This approval supersedes all other agreements and applies only to this home equity account. We'll let you know if we need any additional information from you before the closing date. Any additional loans/liens from you or any other party in favor of Chase or any affiliated entity, whether on this property or otherwise, are excluded from the terms of this letter.

If an agreement is reached to settle this debt by paying less than the full outstanding balance, we want you to know that the failure to pay the full balance may result in you not qualifying in the future for some Chase products or services (so your application may be denied), or the terms of those Chase products or services may be less favorable.

Year-end tax information: If required by the IRS, we'll report the amount of canceled debt to you on an IRS Form 1099-C (Cancellation of Debt) in the appropriate tax year. You may want to ask your tax or financial advisor, call the IRS at 1-800-829-1040, or visit IRS.gov for information about how this may affect you.

If you have questions, please call us. We're here Monday through Friday from 8 a.m. to 6 p.m. Eastern Time.

Sincerely,

Jamie Johnson-Lewis
Short Sale Relationship Manager
Chase
1-877-496-8028; we accept operator relay calls
1-866-220-4130 Fax; it's free from any Chase branch

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-496-8028 de lunes a viernes de 8 a.m. a 6 p.m., hora del Este.

## Important Legal Information

### Information about your bankruptcy filing
To the extent your original obligation is subject to the automatic stay of bankruptcy or was discharged under the United States Bankruptcy Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this notice means that you're required to repay a debt that's subject to the automatic stay or has been discharged. Any payment you make on the account is voluntary, but if the original obligation is secured by collateral, we retain the rights under any applicable security instrument.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.



### Information for Servicemembers and their dependents
If you or any occupant of your home are or recently were on active Military duty or related active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA), state law, or Chase policy. This includes protection from foreclosure or eviction, and in some cases, interest rate benefits. Some protections also may be available if you are the dependent of an eligible Servicemember. Although Servicemember interest rate benefits under the Servicemembers Civil Relief Act don't allow you to defer payments, some states allow for a payment deferral if certain conditions are met.

For more information, please call Chase Military Services at 1-877-469-0110.

# AFFIDAVIT OF ARM'S LENGTH TRANSACTION

Pursuant to a residential purchase agreement (the "Agreement") dated May 23, 2022, the parties identified below as the "Seller" and the "Buyer," respectively, are involved in a real estate transaction for the mortgage loan number ▓▓▓▓▓ secured by the Property commonly known as 616 E Day Ave, Whitefish Bay, WI 53217-0000 (the "Property"), will be sold by the Seller to the Buyer.

Chase (the "Lender and/or Servicer") owns or is the authorized servicer of a deed of trust or mortgage against the Property. In order to complete the sale of the Property, the Seller and the Buyer have jointly asked the Lender and/or Servicer to discount the total amount owed on the loan secured by the deed of trust or mortgage. The Lender and/or Servicer, in consideration of the representations made below by the Seller, the Buyer, and their respective agents, agrees to accept less than the amount owed to resolve its Loan (pursuant to a separate Agreement between the Lender and/or Servicer and the Seller) on the express condition that the Seller, the Buyer, and their respective agents (including, without limitation, real estate agents, escrow agents, and title agents) each truthfully represents, affirms, and states that, to the best of each signatory's knowledge and belief:

1. The purchase and sale transaction reflected in the Agreement is an arm's length transaction, meaning that the transaction has been negotiated by unrelated parties, each of whom is acting in his or her own self-interest, and that the sale price is based on fair market value of the Property. With respect to those persons signing this Affidavit as an agent for the Seller, the Buyer, or both, those agents are acting in the best interests of their respective principal(s).

2. No Buyer or agent of the Buyer is a family member or business associate of the Seller, the borrower, or the mortgagor.

3. No Buyer or agent of the Buyer shares a business interest with the Seller, the borrower, or the mortgagor.

4. There are no hidden terms or hidden agreements or special understandings between the Seller and the Buyer or among their respective agents that are not reflected in the Agreement or the escrow instructions associated with this transaction.

5. There is no agreement, whether oral, written, or implied, between the Seller and the Buyer and/or their respective agents that allows the Seller to remain in the Property as a tenant or to regain ownership of the Property at any time after the consummation of this sale transaction.

6. Neither the Seller(s) nor the Buyer(s) will receive any funds or commission from the sale of the Property. The Seller(s) may receive a payment or incentive if it is offered by the Lender and/or Servicer. Any incentive payments will be paid at the time of closing and will be reflected on the Closing Disclosure Form or HUD-1 Settlement Statement.

7. No party to the sales contract, including the Buyer, Seller's Agent, Buyer's agent, or Settlement agent, is a relative of, business of, or shares any business interest with the Seller.

8. All amounts to be paid to any party, including holders of other liens on the Property, in connection with the short payoff transaction have been disclosed to and approved by the Lender and/or Servicer and will be reflected on the Closing Disclosure Form or HUD-1 Settlement Statement.

9. No agent of either the Seller or the Buyer shall receive any proceeds from this transaction except as is reflected in the final estimated closing statement, which shall be provided to the Lender and/or Servicer for approval prior to the close of escrow.

10. By signing this Addendum or Affidavit, Buyer(s) represents that they are not a JPMorgan Chase Bank, N.A. Home Lending employee(s).

11. Each signatory to this Affidavit expressly acknowledges that the Lender and/or Servicer is relying upon the representation made herein as consideration for discounting the payoff on the Loan, which is secured by a deed of trust or mortgage encumbering the Property.

12. Each signatory to this Affidavit agrees to indemnify Chase and the investor, if applicable, for any and all losses resulting from any negligent or intentional misrepresentation made in this Affidavit including, but not limited to repayment of the difference between the amount owed on the loan

and the discounted payoff amount.

13. Each signatory to this Affidavit expressly acknowledges that any misrepresentation made by him or her may subject him or her to civil liability.
14. This Affidavit will survive the closing of the transaction.

I/We declare under penalty of perjury under the laws of the state of Wisconsin that all statements made in this Affidavit are true and correct.

Additionally, I/we fully understand that it is a federal crime punishable by fine or imprisonment, or both, to knowingly and willfully make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

**Buyer 1**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Buyer 2**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Buyer 3**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Buyer 4**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Seller 1**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Seller 2**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Seller 3**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Seller 4**

_____
(Print Name)

_____
(Signature)

_____
(Date)

**Buyer's Agent**

**Seller's Agent**

_____  _____
(Print Name)                 (Print Name)

_____  _____
(Print Company)              (Print Company)

_____  _____
(Signature and Date)         (Signature and Date)

**Closing Agent/Attorney**    **Transaction Facilitator (if applicable)**

_____  _____
(Print Name)                 (Print Name)

_____  _____
(Print Company)              (Print Company)

_____  _____
(Signature and Date)         (Signature and Date)