Official Form 420A (Notice of Motion or Objection) (12/16)

# United States Bankruptcy Court
## Eastern District of Wisconsin

| | | |
|---|---|---|
| In re | Joseph A. Gemignani, Sr. and Barbara A. Gemignani <br> *[Set forth here all names including married, maiden, and trade names used by debtor within last 8 years.]* <br><br> Debtor | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) 21-25588-kmp |
| Address | 500 W Bradley Road Apt 234-C, Fox Point, WI 53217-2633 | ) <br> ) <br> ) Chapter |
| Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): | 8877, 8922 | ) 13 <br> ) |
| Employer's Tax Identification (EIN) No(s).(if any): | | ) <br> ) |

### NOTICE OF MOTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION TO VALIDATE LOAN MODIFICATION AGREEMENT

JPMorgan Chase Bank, National Association, the current mortgagee of record, its successors, servicing agents and/or assignees (hereinafter collectively and at all times material hereto "the movant"), through its attorneys, Gray & Associates, L.L.P., hereby moves the court to validate a loan modification agreement with the debtor(s).

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before March 16, 2023, your or your attorney must:

File with the court a written objection to the motion and a request for a hearing at:

Clerk, U.S. Bankruptcy Court
U.S. Courthouse
517 E. Wisconsin Avenue, Room 126
Milwaukee, WI 53202-4500

If you mail your request and objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Christopher C. Drout
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151-2841

Rebecca R. Garcia
Chapter 13 Trustee
PO Box 3170
Oshkosh, WI 54903-3170

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: March 2, 2023        Signature: _____

                           Name:      Christopher C. Drout

                           Address:   Gray & Associates, L.L.P.

                                      16345 West Glendale Drive

                                      New Berlin, WI 53151-2841

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE<br>Joseph A. Gemignani, Sr. and Barbara A. Gemignani<br><br>Debtors. | Chapter: 13<br><br>Case No. 21-25588-kmp |

**MOTION OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION TO VALIDATE LOAN MODIFICATION AGREEMENT**

JPMorgan Chase Bank, National Association, the current mortgagee of record, its successors, servicing agents and/or assignees (hereinafter collectively and at all times material hereto "the movant"), through its attorneys, Gray & Associates, L.L.P., hereby moves the court for an order annulling the automatic stay pursuant to section 362(d) of the Bankruptcy Code in order to validate a loan modification agreement with the debtor(s) and alleges as follows:

1. The movant holds a promissory note and mortgage encumbering real property owned by the debtor(s) and located at 514 Sharpes Drive, Elkhart Lake, Wisconsin 53020.

2. On October 22, 2021, the debtor(s) filed a petition for protection under Chapter 13 of the Bankruptcy Code and thereby commenced this case.

3. After the commencement of this case, the movant and the debtors(s) entered into a loan modification agreement which modified the terms of the mortgage loan. A copy of the loan modification agreement is attached hereto and its contents are incorporated herein by reference.

4. To the extent it is necessary, the automatic stay should be annulled in order to validate

Drafted by:

Christopher C. Drout
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151-2841
Phone: (414) 224-8404
Fax: (414) 224-1279
Email: cdrout@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

the loan modification agreement.

WHEREFORE, the movant requests that the automatic stay be annulled pursuant to section 362(d) of the Bankruptcy Code to the date the petition commencing this bankruptcy case was filed so as to validate the loan modification agreement between the parties, that any order entered pursuant to this motion be effective immediately upon its entry and for such further relief as may be just and equitable.

Dated this _____2nd_____ day of March, 2023.

                              Gray & Associates, L.L.P.
                              Attorneys for Movant

                              By: _____
                                  Christopher C. Drout
                                  State Bar No. 1049882

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IN RE
Joseph A. Gemignani, Sr. and Barbara A. Gemignani

Chapter: 13

Case No. 21-25588-kmp

Debtors.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, the notice of motion and motion to validate loan modification agreement was electronically filed in this case and served upon the following parties using the ECF system:

Rebecca R. Garcia Trustee

Eastern District U.S. Trustee

Deborah A. Stencel

I further certify that on the same date, I mailed the same document(s) by the United States Postal Service to the following non-ECF participants:

Joseph A. Gemignani, Sr.
500 W Bradley Road Apt 234-C
Fox Point, WI 53217-2633

Barbara A. Gemignani
500 W Bradley Road Apt 234 C
Fox Point, WI 53217-2633

Dated this 2nd day of March, 2023.

_____
Dean Plank, Bankruptcy Analyst
Gray & Associates, L.L.P.

Gray & Associates, L.L.P. is attempting to collect a debt and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

# MODIFICATION AGREEMENT

Recording Requested By/Return To:
JPMORGAN CHASE BANK, N.A.
CHASE RECORDS CENTER
RE: COLLATERAL TRAILING
DOCUMENTS
PO BOX 8000
MONROE, LA 71203


Parcel Identification Number:
59121583480

Loan Number 

This Modification Agreement ("Agreement") will become effective on: 1ST day of FEBRUARY, 2023, between JOSEPH A GEMIGNANI SR AKA JOSEPH A. GEMIGNANI AND BARBARA A GEMIGNANI, HUSBAND AND WIFE ("Borrower") and Lender or Servicer (the "Lender"). JPMORGAN CHASE BANK, N.A. SUCCESSOR BY MERGER TO BANK ONE, N.A.

This agreement amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed ("Security Instrument"), and Timely Payment Rewards Rider, if any, dated JANUARY 15, 2003 and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real property described in the Security Instrument and defined therein as the "Property", located at:

514 SHARPES DRIVE, ELKHART LAKE, WISCONSIN 53020
(Property Address)

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

The real property described being set forth as follows:

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 1 of 10 pages)



Loan Number 

**LEGAL DESCRIPTION:**
HE LAND REFERRED TO IS SITUATED IN THE COUNTY OF SHEBOYGAN, VILLAGE OF ELKHART LAKE AND STATE OF WISCONSIN, DESCRIBED AS FOLLOWS: UNIT NO. 19, BEING A BUILDING KNOWN AS "LOVENEST" AND 2 LIMITED COMMON-USE PARKING SPACES DESCRIBED AS 19A AND 19B AND AN UNDIVIDED 1/19TH INTEREST IN THE COMMON AREAS AND FACILITIES IN A CONDOMINIUM COMMONLY KNOWN AS SHARPE'S CONDOMINIUM RESORT CREATED UNDER THE UNIT OWNERSHIP ACT OF THE STATE OF WISCONSIN BY DECLARATION RECORDED JUNE 5, 1973 IN THE OFFICE OF THE REGISTER OF DEEDS FOR SHEBOYGAN COUNTY, STATE OF WISCONSIN, IN VOLUME 701, PAGES 208 TO 245, AS DOCUMENT NO 960561, WHICH SAID DECLARATION WAS AMENDED IN VOLUME 1022 OF RECORDS ON PAGES 421 TO 431 AS DOCUMENT NUMBER 1136737, EXCEPTING FROM THE COMMON ELEMENTS DESCRIBED IN SAID DECLARATION AND AMENDED DECLARATION, THOSE LANDS CONVEYED IN VOLUME 1126 OF RECORDS ON PAGES 301 AND 302 AS DOCUMENT NO. 1194322. INCORPORATED HEREIN BY THIS REFERENCE THERETO IS THE REAL ESTATE DESCRIBED IN AND SUBJECT TO SAID DECLARATION AND AMENDED DECLARATION. SAID PREMISES BEING LOCATED IN THE VILLAGE OF ELKHART LAKE, SHEBOYGAN COUNTY, WISCONSIN. PARCEL ID: 59121583480

**REFERENCE NUMBERS OF DOCUMENTS MODIFIED
RECORDED FEBRUARY 10, 2003 INSTRUMENT NO. 1671623**

Tax Parcel No: 59121583480

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Agreement will, as set forth in Section 2, amend and supplement (i) the Security Instrument, and (ii) the Note. The Security Instrument and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

If required, I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it. I further understand and agree that the Lender will not be obligated or bound to make any modifications of the Loan Documents if I fail to meet any of the requirements under this Agreement.

1. **My Representations.** I represent to the Lender and agree:
    A. I am experiencing a financial hardship and, as a result, am either in default under the Loan Documents or a default is imminent.

    B. The Property is neither in a state of disrepair, nor condemned.

    C. There has been no impermissible change of ownership of the Property since I signed the Loan Documents. A permissible change of ownership would be any transfer that the Lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 2 of 10 pages)

D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

E. If required, I have provided documentation for all income that I earn.

F. All documents and information I provide pursuant to this Agreement are true and correct.

**2. The Modification.** The Loan Documents are hereby modified as of **FEBRUARY 01, 2023** ("Modification Effective Date"), and all unpaid late charges are waived. The first modified payment will be due on the date set forth in this Section 2:

A. The Maturity Date will be: **JANUARY 01, 2063.**

B. The modified principal balance of my Note will include all unpaid amounts and arrearages (excluding unpaid late charges), any outstanding amounts the payment of which may have been previously deferred under any prior agreement, including any deferred principal balances or other deferred balances and may include amounts toward taxes, insurance, or other assessments. The new principal balance of my Note is **$706,844.84** ("New Principal Balance").

C. **$296,152.29** of the New Principal Balance shall be deferred ("Deferred Principal Balance") and will be treated as a non-interest bearing principal forbearance. I will not pay interest or make monthly payments on the Deferred Principal Balance. In addition, **$100,000.00** of the Deferred Principal Balance is eligible for forgiveness ("Deferred Principal Reduction Amount"). Provided I am not in default on my new payments such that the equivalent of three full monthly payments are due and unpaid on the last day of any month, on each of the first, second and third anniversaries of **FEBRUARY 01, 2023**, the Lender shall reduce the Deferred Principal Balance of my Note in installments equal to one-third of the Deferred Principal Reduction Amount. Application of the Deferred Principal Reduction Amount will not result in a new payment schedule. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is **$410,692.55.**

Interest will begin to accrue on the Interest Bearing Principal Balance of **$410,692.55** as of **JANUARY 01, 2023**. The first new monthly payment on the Interest Bearing Principal Balance will be due on **FEBRUARY 01, 2023**, and monthly on the same date thereafter.

The Interest Bearing Principal Balance will re-amortize over **480** months.

This Section 2.C does not apply to the repayment of any Deferred Principal Balance and such a balance will be repaid in accordance with Section 2.D. The payment schedule for the modified Loan is as follows:

Interest will accrue on the Interest Bearing Principal Balance at the rate of **3.250%** annually. The monthly payment amount for principal and interest will be **$1,530.00**, which is an amount sufficient to amortize the Interest Bearing Principal Balance over a period of **480** months.

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 3 of 10 pages)



| Years | Interest Rate | Interest Rate Change Date | Monthly Principal & Interest Payment Amount | Estimated Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 40 | 3.250% | 01/01/2023 | $1,530.00 | $422.56, may adjust periodically | $1,952.56, may adjust periodically | 02/01/2023 | 480 |

The Deferred Principal Balance of **$296,152.29**, less any Deferred Principal Reduction Amount to which I am entitled, will be due on the Maturity Date unless due earlier in accordance with Section 2.D.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable-rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only option, or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

If my loan is a daily simple interest loan or an average daily balance loan, I understand and agree that interest will accrue daily and payments will be applied as of the date received by the Lender according to the terms of the Loan Documents. Interest accrues by applying the ratio of the annual interest rate over the number of days in the year (365 or 366 in a leap year), multiplied by the principal balance, multiplied by the actual number of days the principal balance is outstanding.

All payment amounts specified in this Agreement assume that all payments will be made on the payment due date throughout the life of the loan. If I pay before or after the payment due date, the amount of interest will vary and, if my payment is an amortizing payment, the amount allocated between interest and principal will vary. For example, if I pay a monthly amortizing payment after the due date, more of the payment will go toward interest and less toward principal. As a result, the principal may be reduced more slowly over the term of the loan, and there could be a principal balance due at the maturity date of the loan. All accrued and unpaid interest will be applied before any amounts are applied toward principal.

Despite any scheduled payment shown in this Agreement, at any scheduled interest rate adjustment date, my monthly payment will be adjusted to an amount necessary to repay the remaining unpaid balance as of the interest rate adjustment date in substantially equal monthly installments of principal and interest over the remaining term of the loan, assuming I pay on the due date. The Lender will not accept multiple monthly payments in advance of their

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 4 of 10 pages)



Case 21-25588-kmp    Doc 142    Filed 03/02/23    Page 9 of 15



due date.

D. Any amounts remaining unpaid under the Loan Documents, will be paid by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire Interest Bearing Principal Balance, or the Maturity Date.

E. I will be in default if (i) the monthly payments are not made in full by the payment date, or (ii) I do not comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the Interest Bearing Principal Balance will be the rate set forth in Section 2.C., and there will be no interest payable on the Deferred Principal Balance, if any.

F. If I make a partial prepayment of principal, the Lender may apply that partial prepayment first to any remaining Deferred Principal Balance before applying such partial prepayment to other amounts due under this Agreement or the Loan Documents.

3. **Additional Agreements.** I agree to the following:
   A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

   B. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

   C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms.

   D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

   E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of no less than 30 days from the date the notice

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 5 of 10 pages)

Case 21-25588-kmp    Doc 142    Filed 03/02/23    Page 10 of 15

**Loan Number** 

is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. I understand that I will not be allowed to transfer all or part of the title to the property securing the Loan or have any person assume my obligations under the Note and Security Instrument except where the allowance of such transfer and/or loan assumption is required by applicable law, or permitted by the Lender.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. That, if Borrower is in an active bankruptcy case upon execution of this document, Borrower will cooperate fully with Lender in obtaining any required Bankruptcy Court and trustee approvals in accordance with local court rules and procedures. Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

J. That the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

K. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement. If Borrower(s) is in an open bankruptcy case but has not yet received a discharge, then this Agreement is not intended as an attempt to collect a debt. Rather the agreement is intended to modify the Loan Documents to enable the Borrower(s) to continue making voluntary payments and retain the Property.

L. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 6 of 10 pages)



Loan Number 

M. I acknowledge and agree that if the Lender executing this Agreement is not the current holder/controller or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder/controller or owner, or its successor in interest, and has full power and authority to bind itself and such holder/controller and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 7 of 10 pages)



Case 21-25588-kmp    Doc 142    Filed 03/02/23    Page 12 of 15

Loan Number 

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. SUCCESSOR BY MERGER TO BANK ONE, N.A. And JOSEPH A GEMIGNANI SR AKA JOSEPH A. GEMIGNANI AND BARBARA A GEMIGNANI, HUSBAND AND WIFE, LOAN NUMBER ▓▓▓▓▓▓ WITH A MODIFICATION EFFECTIVE DATE OF FEBRUARY 01, 2023

In Witness Whereof, the Borrower(s) have executed this agreement.

_/s/ Joseph A Gemignani_     Date: 2/17/23
Borrower - JOSEPH A GEMIGNANI SR AKA JOSEPH A. GEMIGNANI
(Must be signed exactly as shown above)

_/s/ Barbara A Gemignani_     Date: 2/17/23
Borrower - BARBARA A GEMIGNANI
(Must be signed exactly as shown above)

State of WISCONSIN
County of MILWAUKEE
**Enter County Here**

This instrument was acknowledged before me on FEBRUARY 17, 2023, _____ by JOSEPH A GEMIGNANI SR AKA JOSEPH A. GEMIGNANI and BARBARA A GEMIGNANI.

_/s/ David L. Furru_
(Signature of notarial officer) DAVID L. FURRU

Title or rank: Notary Public

My Commission expires: 6/21/2025

(Seal, if any)

```
DAVID L. FURRU
Notary Public
State of Wisconsin
```

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 8 of 10 pages)

Case 21-25588-kmp    Doc 142    Filed 03/02/23    Page 13 of 15

Loan Number 

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. SUCCESSOR BY MERGER TO BANK ONE, N.A. And JOSEPH A GEMIGNANI SR AKA JOSEPH A. GEMIGNANI AND BARBARA A GEMIGNANI, HUSBAND AND WIFE, LOAN NUMBER ▇▇▇▇ WITH A MODIFICATION EFFECTIVE DATE OF FEBRUARY 01, 2023

In Witness Whereof, the Lender has executed this Agreement.

Lender

**JPMORGAN CHASE BANK, N.A. SUCCESSOR BY MERGER TO BANK ONE, N.A.**

By: _____

Printed Name:

Date: _____

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 9 of 10 pages)

Loan Number ███

State of LOUISIANA
Parish of OUACHITA

On this _____ day of _____, _____, before me personally appeared _____, to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed it as his (or their) free act and deed.

_____
Notary Public

Printed Name _____

Ouachita Parish, Louisiana
Lifetime Commission

[Notary Seal]

This instrument was drafted by:

**JPMORGAN CHASE BANK, N.A.
3415 VISION DRIVE
COLUMBUS, OHIO 43219-6009**

MODIFICATION AGREEMENT - BAU MOD GLOBAL
ver. 01_09_2023_15_23_09

ID vETTcnmEnH
WF632
(page 10 of 10 pages)